IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CV-00346-D

**Eric McMillian**,

               Plaintiff,

v.

**Officer Burton, et al.**,

               Defendants.

**Memorandum & Recommendation**

Plaintiff Eric McMillian sued two Raleigh Police Officers and the Raleigh Police Department in August 2021. D.E. 1. He claims that the Defendants violated his constitutional rights during two unrelated incidents that both resulted in McMillian's arrest. *Id.*

McMillian submitted a motion to proceed *in forma pauperis*. While considering his motion and conducting the screening required by 28 U.S.C. § 1915(e)(2)(B), the court became concerned about whether it had subject-matter jurisdiction over this controversy. D.E. 6. This concern arose out of the fact that federal courts generally cannot interfere with ongoing state court proceedings. *See Younger* v. *Harris*, 401 U.S. 37, 44 (1971). So, if McMillian's claims relate to an ongoing criminal matter in state court, the court may lack jurisdiction over this case. D.E. 6.

To address this issue, the court ordered McMillian to notify the court in writing whether his criminal case was still pending in state court, and, if it was not, how it was resolved. *Id.* at 2. After giving McMillian 14 days to provide this information, the court cautioned him that "[f]ailing to provide the court with this information may lead to the dismissal of this action." *Id.*

The Clerk of Court filed the order on September 21, 2021. D.E. 6. McMillian received a copy through the court's electronic filing system on the same day.[1] Yet the October 5, 2021 response deadline came and went without McMillian filing anything.

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action sua sponte for a party's failure to prosecute or for failure to comply with its orders. *Link* v. *Wabash R. Co.*, 370 U.S. 626, 629–33 (1962). The Fourth Circuit has given lower courts four factors to consider when deciding whether to exercise this power. First, a court should consider "the degree of personal responsibility on the part of the plaintiff[.]" *Davis* v. *Williams*, 588 F.2d 69, 70 (4th Cir. 1978). Second, "the amount of prejudice to the defendant caused by the delay[.]" Third, "the presence or absence of a 'drawn out history' of 'deliberately proceeding in a dilatory fashion[.]'" *Id.* And, fourth, "the effectiveness of sanctions less drastic than dismissal." *Id.*

After considering the relevant factors, it is appropriate for the court to dismiss this action. McMillian ignored the court's order requiring him to provide additional information related to its jurisdiction over this case. Since McMillian is representing himself, he bears sole responsibility for his non-compliance. And while the Defendants have suffered little if any prejudice at this point, McMillian's failure to respond is preventing the court from assessing whether it has jurisdiction to hear this matter and, as a result, impeding the case from going forward. Finally, in light of McMillian's pro se status and limited financial means, there is no sanction falling short of dismissal that would effectively address his failure to comply with the court's order. So the undersigned recommends that the court dismiss this action without prejudice.

---

[1] A docket entry from September 1, 2021 notes that McMillian "has consented to receiving electronic service of all motions, notices, orders, and documents in civil cases in the Eastern District of North Carolina. All documents filed in CM-ECF will be served on this party via email pursuant to Rule 5 of the Federal Rules of Civil Procedure and Local Civil Rule 5.1."

The Clerk of Court must serve a copy of this Memorandum and Recommendation ("M&R") on each party who has appeared in this action. Any party may file a written objection to the M&R within 14 days from the date the Clerk serves it on them. The objection must specifically note the portion of the M&R that the party objects to and the reasons for their objection. Any other party may respond to the objection within 14 days from the date the objecting party serves it on them. The district judge will review the objection and make their own determination about the matter that is the subject of the objection. If a party does not file a timely written objection, the party will have forfeited their ability to have the M&R (or a later decision based on the M&R) reviewed by the Court of Appeals.

Dated: October 25, 2021

_____
Robert T. Numbers, II
United States Magistrate Judge